# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAHJE DAQUAN MAESTAS,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | Civil No. C16-5376-JPD<br><br><br>ORDER REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff Tahje Daquan Maestas brought this action to seek judicial review of the denial of his application for disability benefits by the Commissioner of the Social Security Administration. Dkt. 9. Although the parties did not submit a stipulated motion to remand this case, the parties agree that this case should be reversed and remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 20; Dkt. 21.

The Commissioner concedes that the ALJ committed harmful error by failing to incorporate many aspects of the opinions of Drs. Baskin and Mangold into the RFC assessment

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

in this case, although the ALJ afforded their opinions "significant weight." Dkt. 21 at 3. Similarly, the Commissioner concedes that the ALJ erred by failing to incorporate much of plaintiff's testimony into the RFC, although the ALJ stated that he found plaintiff's testimony "generally credible." Dkt. 21 at 3-4.

The Commissioner offers several *post hoc* rationalizations for why the ALJ may not have erred by rejecting Dr. Young's April 12, 2014 medical source statement, but further asserts that "assuming *arguendo* that the ALJ erred in not sufficiently stating his reasons for rejecting Dr. Young's opinion, remand for further proceedings is the appropriate remedy." Dkt. 21 at 10. The Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing, *inter alia*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases…")). In any event, the Court agrees with plaintiff that the ALJ failed to provide specific and legitimate reasons for rejecting the marked limitations assessed by Dr. Young. AR at 22, 371-79. In light of plaintiff's testimony regarding his difficulty concentrating while watching television and his inability to interact peacefully with others during games (such as cursing and threatening other players), it is not at all clear that plaintiff's daily activities were inconsistent with the marked limitations assessed by Dr. Young. AR at 44-46. The ALJ also fails to adequately explain how Dr. Young unduly relied on plaintiff's subjective reports, in light of the fact that Dr. Young has performed a psychological evaluation of plaintiff and also had opportunities to clinically observe plaintiff's behavior during treatment sessions. For example, Dr. Young has described plaintiff's thinking and speaking as

"scattered," and his behavior as "fidgety". AR at 313. His mental status examination revealed problematic judgment and exhibited very limited insight. AR at 313.

Accordingly, the Court ORDERS that this case be REVERSED and REMANDED for further administrative proceedings before an Administrative Law Judge ("ALJ"). On remand, the ALJ shall: (1) reassess medical evidence of record, including the opinions of Drs. Baskin, Mangold, and Young; (2) reassess the claimant's credibility; (3) reevaluate the claimant's residual functional capacity; and (4) reevaluate steps four and five with the assistance of a vocational expert, if necessary.

Upon proper application, the Court will consider whether reasonable attorney's fees, expenses and costs should be awarded pursuant to 28 U.S.C. § 2412.

DATED this 18th day of April, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER - 3